IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION

Darby Scarberry,                                       Case No. 3:15CV500

         Petitioner,

         v.                                                    **ORDER**

Neil Turner,

         Respondent.

         This is a habeas corpus case under 28 U.S.C. § 2254 in which the Magistrate Judge has filed a Report and Recommendation (Doc. 6), to which the petitioner has filed objections. (Doc. 11). The respondent has not filed a response.

         On *de novo* review, I concur with the Magistrate Judge that the petition has no merit and, further, with her recommendation that I should not issue a Certificate of Appealability.

         The petitioner, originally convicted of rape and other crimes, challenges the revocation of his parole following his conviction on two misdemeanor theft charges. He also challenges the Ohio Parole Board's refusal to grant his request for early release.

         The petitioner claims that his parole officers filed a report stating that one of the thefts (which occurred on successive days at the same gas station) also involved the rape of an attendant. Petitioner further claims that he was not aware of the existence of that report until after his revocation hearing. He bases his claim in the instant § 2254 petition on the contention that the Parole Board improperly,

and without notice to him, took the alleged rape into consideration (in effect, *sub silentio*) when it revoked his parole putatively on the basis solely of the two petty theft convictions..

After becoming aware of the report, the petitioner filed a grievance but got no relief.

Thereafter, petitioner filed a state habeas corpus petition in the Third District Court of Appeals seeking to be released (*i.e.*, having the Parole Board revocation decision vacated). The state appellate court denied relief. (*See* Doc. 4-1, at 240-42).

The Ohio Supreme Court affirmed the dismissal of the habeas petition, stating:

> [A] writ of habeas corpus is not the appropriate remedy to address Scarberry's complaint. The revocation of parole implicates constitutional liberty interests, such that the parolee is entitled to certain due-process protections, among them the right to a hearing. *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972). The remedy for an alleged *Morrissey* due-process violation is a new hearing, not immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995).

*Scarberry v. Turner*, 9 N.E.3d 1022, 1023-24, 139 Ohio St.3d 111, 113, 2014 -Ohio- 1587 at, ¶ 13 (Ohio 2014).

Also, with regard to petitioner's due process challenge to the propriety of his revocation, the Supreme Court stated petitioner's claim that the Parole Officer's report falsely asserted he had committed a rape during one of the petty thefts reflected an utter misreading on his part of that report, which, the Court concluded unequivocally, referred to the underlying rape conviction for which petitioner was on parole at the time of the revocation hearing. *Id.,* 9 N.E.3d at 1024-25, 129 Ohio St. 3d at 114, 2014 Ohio 1587, at ¶¶ 18-22.

Finally, the Supreme Court noted that the petitioner's challenge to his revocation was moot, because by the time the Court adjudicated his claim, he had already served the term of his revocation and had resumed serving his underlying sentence.

*Id*., 9 N.E.3d at 1024, 139 Ohio St.3d at 113, 2014 -Ohio- 1587, at ¶ 16 n.1.

In addition, Ohio Supreme Court adjudicated petitioner's claim that he was entitled to habeas relief *vis-a-vis* the Parole Board's denial of his demand for release, stating:

> [T]here is no legal basis for this court to order a new hearing to consider early release. The decision to grant or deny early release is wholly discretionary, and a prisoner has no "expectancy of parole upon which [he] can base his due process claims." *State ex rel. Blake v. Shoemaker*, 4 Ohio St.3d 42, 43, 446 N.E.2d 169 (1983). Therefore, Scarberry cannot demonstrate a clear legal duty on the part of the OAPA to conduct a second hearing.

*Id.*, 9 N.E.3d at 1024, 139 Ohio St.3d at113-14, 2014 -Ohio- 1587, at ¶ 17.

In the meantime, petitioner applied to the Parole Board for early release. The Board denied that application. Petitioner added a claim of constitutional error regarding that decision to his then pending habeas corpus petition before the Third District.

I have considered the petitioner's objections to the Magistrate Judge's recommendation that I deny his request for relief under § 2254. I find of them meritorious. This is so for the simple, basic reason that the Ohio Supreme Court grounded its rulings of each of petitioner's claims on Ohio law, and claims challenging rulings grounded in state law are not cognizable in a § 2254 federal habeas proceeding. *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

Petitioner's petition challenges only state law, not federal constitutional doctrine. Because of the manifold reasons underlying the Ohio Supreme Court's denial of state relief encompassing solely and entirely state law principles, none of petitioner's claims is cognizable in this court under 28 U.S.C. § 2254.

It is, accordingly, hereby

ORDERED THAT the Magistrate Judge's Report and Recommendation (Doc. 6) be, and the same hereby is, adopted as the order of this Court, and the petition for relief under 28 U.S.C. § 2254 be, and the same hereby is, dismissed with prejudice.

I decline to issue a certificate of appealability, as jurists of reasons could find no basis in the record or the Magistrate Judge's Report and Recommendation to reach a conclusion other than that which the Magistrate Judge has recommended and that I have found well taken in all respects.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
